**John CORDERO, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–1457.

United States Court of Appeals,
Federal Circuit.

March 6, 2002.

Before MAYER, Chief Judge, LINN and PROST, Circuit Judges.

PER CURIAM.

John Cordero appeals from the February 27, 2001, judgment of the United States District Court for the District of South Carolina, No. 3:01–254–17BD, dismissing his cause of action and deeming it a "strike" for purposes of 28 U.S.C. § 1915(g). We *affirm*.

Cordero is an inmate serving a 100–month sentence at the Federal Correction Institution in Marianna, Florida, pursuant to a plea agreement he entered into with the government. Cordero filed suit pursuant to 28 U.S.C. § 1346, the Little Tucker Act, alleging that the government breached the plea agreement and is liable for $9,999.98 in damages.

For a district court to exercise jurisdiction over monetary claims against the government resulting from an alleged contract arising out of a plea agreement, that agreement must clearly and unmistakably subject the government to monetary liability for any breach. *Sanders v. United States*, 252 F.3d 1329, 1334–35 (Fed.Cir. 2001). Moreover, the language must be "the same kind of express language (in both written and oral agreements) required by the unmistakability doctrine concerning government liability for the exercise of sovereign power." *Id.* at 1336. Because no such money-mandating language is present in the plea agreement at issue, jurisdiction is lacking and the case was properly dismissed.

Under 28 U.S.C. § 1915(g), an inmate is no longer allowed to proceed in *forma pauperis* if he has previously filed three or more civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. Cordero had previously filed substantially the same action at the United States Court of Federal Claims seeking over $1.5 million in damages. That case was dismissed for lack of jurisdiction under the same reasoning set out above. Cordero's attempt to merely modify the dollar amount so that the claim could be refiled pursuant to 28 U.S.C. § 1346(a)(2) in district court is clearly frivolous and warrants a "strike" pursuant to section 1915(g).